**John W. GARDNER, Secretary of Health, Education and Welfare, Appellant,**

v.

**Paul E. SLOANE and Alyse S. Sloane, Appellees.**

**No. 21950.**

United States Court of Appeals
Ninth Circuit.

June 10, 1968.

Rehearing Denied Aug. 6, 1968.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., Carl Eardley, Acting Asst. Atty. Gen., Civil Division, Morton H. Hollander, Jack H. Weiner, Alan S. Rosenthal, William Kanter, Attys., Department of Justice, Washington, D. C., for appellant.

Paul E. Sloane (argued), in pro. per. for appellees.

Before MADDEN, Judge of the United States Court of Claims, JERTBERG and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This action was commenced by Paul E. Sloane and Alyse S. Sloane, appellees, (hereafter "Sloane"), pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), (hereafter the "Act"), to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare, (hereafter the "Secretary").

### THE QUESTION

The question presented is how income from earnings as deductions against old-age Social Security Retirement Benefits should be handled for the year in which a claimant becomes 72. No earnings may be used to decrease a claimant's benefits in the months after he reaches 72, so the precise question is—may the earnings of the entire tax year in which the claimant became 72 be applied to decrease his benefits in the months before he reached 72.

### THE FACTS

Sloane retired as an attorney for the Pacific Gas and Electric Company in 1955, after reaching age 65 in July of that year. He applied for old age insurance benefits. Benefits were paid to him and his wife through November of 1962.

In December 1962, the Social Security Administration determined that there had been an overpayment, and that Sloane and his wife had received benefits to which they were not entitled because Sloane continued to be self-employed as an attorney.

An administrative hearing was held and the facts deduced were that Sloane, after his retirement from the Pacific Gas and Electric Company, opened a private law office and practiced full time in San Francisco. Sloane's tax year was the calendar year. During the year in question, 1962, he worked the entire year and handled numerous estates. On July 8, 1962, he became 72 years of age.

During the entire year of 1962 he had a total income of $36,365.79 with expenses of $14,707.88, or a self-employment income of $21,657.91. These fees were the result of settlements of various large estates. He testified that while he could have deferred receiving a great bulk of these fees until after January 1963, he brought the estates on for settlement and received the fees after July 8, 1962, his 72nd birthday, because he "figured it would make no difference when he received the fees as long as he was over 72."

### THE PROCEEDINGS BELOW

There was originally involved in the proceeding before the Secretary, the problem of deductions imposed against old age social security retirement benefits due Sloane and his wife during the years 1958 through 1960, and for the first six months of 1962 before Sloane reached his 72nd birthday.

The hearing examiner, in treating earnings as deductions, included the earnings for the entire calendar year of 1962, even though the fees were received after Sloane became 72. The hearing examiner however, only applied the deductions to the benefits which were otherwise due for the first six months of 1962 and did not apply the deductions to the benefits in the last six months of

1962. As a result of this Sloane was held to have been overpaid in the first six months of 1962 in the sum of $999.00.

■ The case was considered by the Appeals Council of the Department at Sloane's request, and the decision of the examiner was held to be correct. Sloane was advised by the Appeals Council that the hearing examiner's decision would stand as the final decision by the Secretary. Sloane thus exhausted his administrative remedies. His action for review was filed timely in the district court.

The district court upheld the Secretary's decision applying deductions in the years 1958 through 1960, but reversed the decision of the Secretary for the year 1962, holding that the Secretary had misinterpreted the applicable law, and taken into account income received by Sloane during the entire calendar year and tax year in which Sloane reached 72, rather than only the earnings during the six months prior to his 72nd birthday. The district court entered a summary judgment and affirmed the decision of the Secretary for the years 1958 through 1960, but modified the decision of the Secretary as to the year 1962 and provided that Sloane need not repay $999.00 benefits received during the first six months of 1962. The case was remanded to the Secretary for recomputation of the amount of overpayment.

There was no appeal by Sloane. The Secretary filed notice of appeal concerning that part of the judgment involving

the year 1962. This court has jurisdiction under 28 U.S.C. Section 1291.

THE STATUTORY BACKGROUND

Under Section 202(a) of the Social Security Act, 42 U.S.C. § 402(a), an individual is entitled to old-age insurance (retirement) benefits if he is fully insured, has attained the age of 65, and has filed application for benefits. However, if an individual under 72 years of age continues to work and receives wages or self-employment income, his retirement benefits and those of his qualifying dependents are reduced, by deductions, depending upon the amount of his "excess earnings." Section 203(b) of the Act, 42 U.S.C. § 403(b). During 1962, the year in question, the Social Security Act provided for the reduction of insurance benefits and the charging of an individual's excess earnings "to the first month of such taxable year an amount of his excess earnings equal to the sum of the payments which he and all other persons are entitled for such month" on the basis of his income, and the balance of such excess earnings shall be charged "to each succeeding month in such year." The section then goes on to provide that "Notwithstanding the preceding provisions of this paragraph, no part of the excess earnings of an individual shall be charged to any month * * * (B) in which such individual was age seventy-two or over * * *." Section 203(f) (1) of the Act, 42 U.S.C. § 403(f) (1).[1]

Specifically, Section 203(f) (3) of the Act, 42 U.S.C. § 403(f) (3) in effect in 1962, provided that "an individual's ex-

---

1. 42 U.S.C. § 403(f) [Sec. 203(f) of the Act],

   "*Month to which earnings are charged.*
   (f) For purposes of subsection (b) of this section—
   (1) The amount of an individual's excess earnings (as defined in paragraph (3)) shall be charged to months as follows: There shall be charged to the first month of such taxable year an amount of his excess earnings equal to the sum of the payments to which he and all other persons are entitled for such months under section 402 of this title on the basis of his wages and self-employment income

(or the total of his excess earnings if such excess earnings are less than such sum), and the balance, if any, of such excess earnings shall be charged to each succeeding month in such year to the extent, in the case of each such month, of the sum of the payments to which such individual and all other persons are entitled for such month under section 402 of this title on the basis of his wages and self-employment income, until the total of such excess has been so charged. Where an individual is entitled to benefits under section 402(a) of this title and other persons are entitled to benefits un-

cess earnings for a taxable year shall be his earnings for such year in excess of the product of $100 multiplied by the number of months in such year."[2]

The Act further provides that an individual will be presumed to have been engaged in self-employment in any such month unless it is shown to the satisfaction of the Secretary that he rendered no substantial services in that particular month with respect to any trade or business, the net income of which is included in computing his net earnings from self-employment for any taxable year. Section 203(f) (4) (A) of the Act, 42 U.S.C. § 403(f) (4) (A).

The Act defines the term "taxable year" to "have the same meaning as when used in chapter I of Title 26" [the Internal Revenue Code of 1954]. Section 211(e) of the Act, 42 U.S.C. § 411(e). It expressly provides that the "taxable year of any individual shall be a calendar year unless he has a different taxable year for the purpose of [Internal Revenue Code] in which case his taxable year for the purposes of this subchapter shall be the same as his taxable year under [the Code]." And the Internal Revenue Code provides for returns for periods of less than 12 months only in cases where (1) the taxpayer has changed his annual accounting period; (2) the taxpayer is not in existence for the entire taxable year; or (3) when the Commissioner terminates the taxable year because the tax is in jeopardy under 26 U.S.C. § 6851. (26 U.S.C. § 443).

The Act requires an individual, entitled to benefits, to report his earnings or wages for the taxable year to the Secretary before April 15 of the succeeding year. "Such report need not be made only for any taxable year beginning with . or after the month in which such individual attains the age of 72" or if benefit payments for all months in which the individual is under 72 have been suspended. Section 203(h) (1) of the Act, 42 U.S.C. § 403(h) (1).

## DISCUSSION

### (1) Legislative History

The government cites legislative history which we do not find helpful. Nowhere is there discussed expressly what happens to the earnings in the year the claimant reaches 72. " * * * (T)his is a case for applying the canon of construction of the wag who said when the legislative history is doubtful go to the statute." Justice Frankfurter in Greenwood v. United States, 350 U.S. 366, 374, 76 S.Ct. 410, 415, 100 L.Ed. 412 (1956).

### (2) Departmental Interpretation

The Social Security Handbook on Old-Age, Survivors and Disability Insurance, 2nd Ed. Jan. 1963 provides in Section 1813:

"§ 1813. Earnings for the entire year in which a person becomes entitled to benefits, he reaches age 72, or his benefits are terminated are counted in figuring the annual earnings and thus can cause loss of benefits under some conditions. Thus, if a worker had earned $800 through April and became entitled to benefits of $100 monthly in May, and then earned $200 a month in each of the months of May through

der section 402(b), (c), or (d) of this title on the basis of the wages and self-employment income of such individual, the excess earnings of such individual for any taxable year shall be charged in accordance with the provisions of this subsection before the excess earnings of such persons for a taxable year are charged to months in such individual's taxable year. Notwithstanding the preceding provisions of this paragraph, no part of the excess earnings of an individual shall be charged to any month (A) for which such individual was not entitled to a benefit under this subchapter, (B) in which such individual was age seventy-two or over, (C) in which such individual, if a child entitled to child's insurance benefits, has attained the age of 18, or (D) in which such individual did not engage in self-employment and did not render services for wages (determined as provided in paragraph (5) of this subsection) of more than $100." * * *

2. The 1965 Amendments to the Act raised the amount to $125. 42 U.S.C. (Supp. I) § 403(f) (3).

October, his total annual earnings are $2,000 even though he earned only $1,200 after becoming entitled to benefits * * *".

In Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), the Supreme Court stated:

"When faced with a problem of statutory construction, this court shows great deference to the interpretation given the statute by the officers or agency charged with its administration." (p. 16, 85 S.Ct. p. 801).

(3) *The Interpretation of the Statute*

Where the claimant attains the age 72 in a taxable year, there are two problems raised on the issue of deductions because of earnings. The first problem is a determination as to what constitutes the earnings and the computation of the earnings or excess earnings for deduction purposes for the particular year. Does the statute require all earnings in the particular year to be considered, or only earnings in the period before the claimant reaches age 72?

The second problem relates to how the excess earnings in a taxable year are to be charged to deductions. Since benefits are paid on a month to month basis, the excess earnings must be charged on some month to month basis. It is clear that they cannot be charged to any of the months after the claimant reaches age 72. Nor can they be charged for the purpose of this case, to any month within the taxable year in which the claimant did not render substantial services in self-employment. In our case, it is clear that Sloane rendered substantial services in self-employment in the first six months of 1962.

For the purpose of the administration of the Act and as part thereof, the use of deductions from benefits because of excess earnings, Section 211(e) of the Act, 42 U.S.C. § 411(e), defines a "taxable year." Such a year shall have the same meaning as when used in the Internal Revenue Code and the taxable year of any individual, shall be a calendar year, unless the individual has a different taxable year under the Internal Revenue Code. As noted, Sloane's taxable year was the calendar year.

Under the Internal Revenue Code, 26 U.S.C. § 441(b) (3), 26 U.S.C. § 443, returns can be made for periods less than a year only in specifically enumerated instances, none of which are applicable here.

There is nothing in the Act to suggest that the taxable year should *not* be used. On the contrary, Section 203(h) (1) (A), 42 U.S.C. § 403(h) (1) (A), requires a report for each taxable year to the Secretary and refers to situations where the claimant turns 72 during such taxable year.

The interpretation we place on Section 203(f) (1) of the Act, 42 U.S.C. § 403(f) (1),[3] goes a long way to solve our problem. The statute first provides for reduction of insurance benefits and the charging of an individual's excess earnings "to the first month of such taxable year" * * * and "to each succeeding month in such year." Then the statute provides,

"Notwithstanding the preceding provisions of this paragraph, no part of the excess earnings of an individual *shall be charged to any month* * * * (B) in which such individual was age seventy-two or over * * *". (Emphasis added).

Appellee makes much of this clause. But excess earnings were not charged "to any month" after he reached age 72. They were charged only in the first six months of 1962, the sole period at issue in this appeal.

Appellee does not expressly state, but he seems to contend that the clause means that his earnings in the last six months of 1962 shall not be considered in calculating the charges to the first six months of the year. The statute is clear and we do not read it as appellee does.

Appellee misreads Section 203(h) (1) (A) of the Act, 42 U.S.C. § 403(h) (1)

**3.** Set forth in Note 1.

(A), referring to the obligation to report earnings to the Secretary. The section reads in part,

"* * * Such report need not be made for any taxable year (i) beginning with or after the month in which such individual attained the age of 72 or (ii) * * * ".

Appellee reads this part of the section to mean that he need not report earnings in 1962 for the months after he reached age 72, and thus the earnings after age 72 may not be used for deductions.

But this is not what the section says. Appellee's taxable year under the statute was a calendar year beginning January 1st, 1962. What the statute dispenses with, is his obligation to report earnings for any taxable year, "beginning *with or after* the month" in which he became 72. The taxable year thus referred to, for which appellee need not report earnings, is his taxable year beginning January 1, 1963. This is the *first taxable year* after the month in which he became 72.

We hold the Secretary's interpretation of the statute was correct.

The judgment is reversed and remanded for further proceedings consistent with this opinion.